UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

v.

SATURNINO TATIS-NUNEZ,

Defendant.

Criminal No. 3:08-CR-00037-3 (JAF)

**OPINION AND ORDER**

On March 4, 2010, defendant Saturnino Tatis-Nuñez ("Tatis") was convicted, by jury verdict, of conspiracy to possess with intent to distribute, and conspiracy to import, 418 kilograms of cocaine, and was sentenced to concurrent terms of 292 months in prison, followed by concurrent terms of five years of supervised release. (ECF No. 407 at 1-3.) On November 14, 2012, the First Circuit Court of Appeals unanimously affirmed his conviction and sentence. *See United States* v. *Espinal-Almeida*, 699 F.3d 588 (1st Cir. 2012) (companion case). On March 4, 2014, this court denied, on the merits, Tatis' first petition for a writ of habeas corpus under 28 U.S.C. § 2255. (ECF No. 489; *see also* 13-CV-01782, ECF No. 12.) On February 19, 2015, the First Circuit denied Tatis a certificate of appealability, finding that our rejection of his habeas claims "was neither debatable nor wrong." (13-CV-01782, ECF No. 20.) On January 22, 2015, we granted Tatis' motion to be resentenced under Amendment 782 to the United States Sentencing Guidelines, reducing his concurrent prison terms to 235 months. (ECF No. 504.)

1    Most recently, on December 15, 2015, Tatis moved the court, under Federal Rule of Civil Procedure 60(b), to reconsider the firearms-possession sentencing enhancement that we applied, in 2010, under Guidelines Manual § 2D1.1(b)(1) because, he claims, the judicial fact-finding underlying the enhancement violates his federal constitutional rights as articulated in *Apprendi* v. *New Jersey*, 530 U.S. 466 (2000), and its jurisprudential descendants. (ECF No. 531.) "We are required to construe liberally a pro se [filing]," like Tatis', but "pro se status does not insulate a party from complying with procedural and substantive law." *Ahmed* v. *Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

The First Circuit has established that "a motion made under Rule 60(b) of the Federal Rules of Civil Procedure for relief from a judgment previously entered in a section 2255 case 'should be treated as a second or successive habeas petition if – and only if – the factual predicate set forth in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction.'" *Muñoz* v. *United States*, 331 F.3d 151, 152-53 (1st Cir. 2003) (per curiam) (*quoting Rodwell* v. *Pepe*, 324 F.3d 66, 67 (1st Cir. 2003)). Because Tatis' Rule 60(b) motion challenges the constitutionality of his underlying conviction and argues the merits of his foundational sentencing claims, the motion "must, therefore, be treated as a second or successive habeas petition." *Id*. at 153.

"A federal prisoner seeking to file a second or successive § 2255 petition must first obtain authorization from the court of appeals to do so." *Bucci* v. *United States*, No. 13-2418, 2015 U.S. App. LEXIS 22267, at *4 (1st Cir. Dec. 21, 2015) (*citing* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h)). "Such authorization is available only when the second or successive petition is based either on (1) newly discovered evidence that would

establish innocence or (2) a new rule of constitutional law made retroactive on collateral review by the Supreme Court."[1] *Id.* (*citing* 28 U.S.C. § 2255(h)). The First Circuit has "interpreted this provision as 'stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.'" *Id.* (*quoting Trenkler* v. *United States*, 536 F.3d 85, 96 (1st Cir. 2008)). "When faced with a second or successive § 2255 petition that has not been authorized by the court of appeals, a district court must either dismiss the petition or transfer it to the court of appeals." *Id.* (*citing Trenkler*, 536 F.3d at 98).

Nothing in the record indicates that the First Circuit has authorized Tatis to file the current petition. As a result, the court does not have jurisdiction over the petition. *Id.* Because Tatis does not allege anything that indicates that he is entitled to authorization to file the petition under 28 U.S.C. § 2255(h), the court will dismiss the petition, instead of transferring it to the First Circuit. *See id.*

In sum, the court summarily **DISMISSES** the petition filed under ECF No. 531 because it is plain that Tatis is "not entitled to relief." Rule 4(b) of the Rules Governing Section 2255 Cases in the United States District Courts (2010). After all, the petition constitutes an unauthorized second application for a writ of habeas corpus under 28 U.S.C. § 2255, over which we do not have jurisdiction. *See Bucci* at *4. For decades, "floods of stale, frivolous and repetitious petitions [have] inundate[d] the docket of the lower courts," yet we continue to search for "the occasional meritorious application . . .

---

[1] Tatis does not successfully make any such claim in the new petition. (*See* ECF No. 531.)

buried in a flood of worthless ones." *Brown* v. *Allen*, 344 U.S. 443, 536-37 (1953). This is not one of them.

When entering a final order adverse to a habeas petitioner under 28 U.S.C. § 2255, the court must determine whether the petitioner warrants a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts. The court may issue a certificate only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Jennings* v. *Stephens*, 135 S.Ct. 793, 802 (2015). No such showing has been made here. Thus, the court will not grant Tatis a certificate. He may still seek one directly from the First Circuit under Federal Rule of Appellate Procedure 22(b)(1).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 20th day of January, 2016.

                                              S/José Antonio Fusté
                                              JOSE ANTONIO FUSTE
                                              U. S. DISTRICT JUDGE